UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20702-CR-MARTINEZ/AOR

UNITED STATES OF AMERICA,

v.

COSME DANIEL ENRIQUE VASQUEZ,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE came before the undersigned by Order of Reference issued by the Honorable Jose E. Martinez, United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 284]. The Order of Reference requires a Report and Recommendation as to the appropriateness of the Voucher submitted pursuant to the Criminal Justice Act ("CJA") (hereafter, "CJA Voucher") by counsel for Defendant Cosme Daniel Enrique Vasquez ("Defendant"). Id. Upon a thorough review of this matter, the undersigned respectfully recommends that the CJA Voucher be approved.

**PROCEDURAL BACKGROUND**

In this case, six defendants were charged in an Indictment consisting of 76 counts [D.E. 3]. The charges in the Indictment consist of: conspiracy to commit money laundering; international money laundering; money laundering; conspiracy to commit bank fraud and wire fraud; and substantive bank fraud. Id. The charges arose from an alleged scheme to defraud victims by using various ploys, such as: on-line romance; advance fee; counterfeit check kiting; computer hacking; email spoofing; and check forgery; and then laundering the proceeds through shell companies and off-shore wire transfers. Id.

The CJA voucher submitted by Defendant's Attorney Juan de Jesus Gonzalez ("Attorney Gonzalez") requests compensation in the amount of $16,794.67, which consists of $15,902.40 in fees for 117.2 out-of-court hours, $402.00 in fees for 2.9 in-court hours, and $446.73 in travel expenses.[1]

## APPLICABLE GUIDELINES

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Berger, 498 U.S. 233, 234 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section 630.20 of the Guidelines. The CJA Plan for the Southern District of Florida explicitly states that "[p]ayment of fees and expenses shall be made in accordance with the provisions of the [Guidelines]." The district court, as the body empowered to "fix" the compensation of CJA-appointed counsel, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. § 3006A(d)(5); United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

## DISCUSSION

The CJA Voucher reflects the following out-of-court hours by category:

| Category | Hours | Amount ($) |
| --- | --- | --- |
| Interviews and Conferences | 41.7 | 5,644.40 |
| Obtaining and Reviewing Records | 23.5 | 3,196.40 |
| Legal Research and Brief Writing | 11.0 | 1,520.00 |
| Travel Time | 27.0 | 3,654.40 |
| Investigative and Other Work | 14.0 | 1,887.20 |
| Total | 117.2 | 15,902.40 |

In a letter addressed to the Court, Attorney Gonzalez explained that this was a case that

---

[1] The hourly rates vary over time, at $132 and $140.

2

had been investigated by the government for years before the Indictment was returned, and which involved both indicted and unindicted co-conspirators. Attorney Gonzalez states that he had to spend many hours of client consultation in order to navigate through the numerous conflicting statements of the various individuals involved in the scheme. Attorney Gonzalez also states that, due to the complex nature of the scheme, he had to review extensive banking and corporate documents. According to Attorney Gonzalez, this work was necessary for purposes of negotiating a plea as well as addressing sentencing issues, including restitution. The undersigned has reviewed the time sheets submitted by Attorney Gonzalez and finds these hours to be reasonable in light of the foregoing explanation.

## RECOMMENDATION

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Attorney Gonzalez's CJA Voucher be approved in the amount of $16,794.67, which consists of $15,902.40 in fees for 117.2 out-of-court hours, $402.00 in fees for 2.9 in-court hours, and $446.73 in travel expenses. The undersigned further recommends approval of the excess over the statutory cap to provide fair compensation based on the extended/complex work required for effective CJA representation in this case.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 11th day of December, 2018.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:  United States District Judge Jose E. Martinez
     Counsel of Record